ROBERT W. LYONS (State Bar No. 45548)
IRVIN L. SIMONS (CA State Bar No. 182082)
LAW OFFICES OF ROBERT W. LYONS
295 West Winton Avenue
Hayward, California 94544
Telephone: (510) 782-6161

Attorney for Defendant
MARTEL VALENCIA

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GUILLERMO ALEJANDRO ZARAGOZA, et al,<br><br>Defendants. | No. CR 08 0083 PJH<br><br>**DEFENDANT MARTEL VALENCIA'S REQUEST FOR COUNSEL OF HIS CHOICE AND RESPONSE TO GOVERNMENT'S CONFLICT MEMORANDUM**<br><br>Date: April 9, 2008<br>Time: 9:00 a.m.<br>Department ___ |

I.   **INTRODUCTION.**

Defendant Martel Valencia has retained Robert W. Lyons to represent him in this matter.

The Assistant United States Attorney ("AUSA") has filed a memo requesting an examination of the issue of whether or not Mr. Lyons should be relieved as Mr. Valencia's attorney in this matter, due to the appearance of a conflict of interest with another defendant in this case.

Mr. Lyons submits this Memorandum to the Court for clarity of the position held by his client, Mr. Valencia.

## II. STATEMENT OF FACTS.

The factual basis for this Memorandum is the matter personally known to Robert W. Lyons, as related in the Declaration of Robert W. Lyons Regarding Conflict Issue, filed along with this Memorandum.

To summarize, the Declaration relates that Mr. Lyons represented a man known to him as Edgar Ortiz-Campuzano, who was charged with a single count of possession of methamphetamine for sale in a state court case pending in San Francisco Superior Court. The state court case is in a pre-probable cause hearing phase, and minimal defense work has been done to date. The allegations in the state court case all pertain to conduct that occurred on November 21, 2005. Mr. Lyons has been representing this state court defendant only since October of 2007. Mr. Lyons and the state court defendant have not had substantive conversation about any subject matter other than the allegations in the police reports in that state court case. Mr. Lyons has not entered into any sort of confidential relationship with the state court defendant's siblings or family members. There has not yet been an evidentiary hearing in the state court case. Mr. Lyons did not discuss conduct of the state court defendant on other occasions, at other times and places, with his state court client.

After the indictment was issued in this case and arrests were made, Mr. Lyons learned that his state court client was indicted under a different name in this court. Mr. Lyons's state court client is charged as a defendant in this federal case under the name of Eduardo Zaragoza.

Mr. Lyons knew that the state court would issue a bench warrant and stay proceedings, since Mr. Zaragoza was in federal custody. Mr. Lyons inquired whether Mr. Zaragoza's family wished to retain him for this federal case on behalf of Mr. Zaragoza, but no agreement to retain Mr. Lyons was reached. Mr. Lyons did not have any conversation with Mr. Zaragoza about

this federal prosecution, ever, nor did he talk to Mr. Zaragoza personally since Mr. Zaragoza was arrested in this matter.

Subsequently, defendant Martel Valencia, through his family, sought Mr. Lyons to be his attorney in this case. Mr. Lyons has met with and discussed this case with Mr. Valencia. Mr. Valencia is aware of Mr. Lyons's representation of Mr. Zaragoza in the state court case surrounding the November 2005 allegations. The allegations in this case pertain to events occurring from March, 2007 through November 2007. Mr. Valencia, who has retained Mr. Lyons to represent him and chooses Mr. Lyons to be his counsel in this case, is prepared to waive any appearance of conflict, or potential or future conflict, concerning representation by Mr. Lyons.

It is believed that Mr. Zaragoza will be willing to waive the any appearance of conflict, or potential or future conflict, concerning representation by Mr. Lyons as well.

Mr. Lyons does not believe there is any actual conflict or potential for future conflict in this matter. He does not know confidential information about or from Mr. Zaragoza. Mr. Lyons never discussed anything within the relevant time period with Mr. Zaragoza. The two cases are utterly unrelated.

//
//
//
//
//
//
//
//
//
//

## ARGUMENT

**III. IN ORDER TO PROTECT MR. VALENCIA'S SIXTH AMENDMENT RIGHT TO COUNSEL OF HIS CHOICE, THIS COURT ALLOW MR. LYONS TO REPRESENT MR. VALENCIA UNLESS IT FINDS THAT THERE IS AN ACTUAL CONFLICT OR A SERIOUS POTENTIAL FOR CONFLICT THAT WOULD PROHIBIT MR. ZARAGOZA FROM HAVING A FAIR TRIAL.**

It is anticipated that this Court will hold a hearing to determine whether or not Mr. Lyons has an actual conflict, or the serious potential for conflict, such that this Court is required to bar him from representing Mr. Valencia in this matter.

Mr. Valencia has expressed his desire to hire Mr. Lyons as his attorney of choice. The Sixth Amendment right to counsel includes the right of a defendant to be "afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama*, 287 U.S. 45, 53, 53 S. Ct. 55, 77 L. Ed. 158 (1932). Courts "must recognize a presumption in favor of [a defendant's] counsel of choice." *Wheat v. United States*, 486 U.S. 153, 164, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). The presumption in favor a defendant's right to counsel of choice "may be overcome by an actual conflict of interest, or by a showing of a serious potential for conflict." *United States v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2007). A client's waiver of a potential conflict is left to the sound discretion of the district court to resolve. *Id.*

Mr. Zaragoza, another defendant in this case, may or may not be lodging objections to Mr. Lyons's representation of Mr. Valenica. The government has lodged its own objections, based on the potential for conflict with Mr. Zaragoza rather than on an actual conflict connected to the facts of this case.

The party asserting that Mr. Lyons should be denied the right to represent Mr. Valencia should have the burden of establishing the existence of an actual conflict or a potential for conflict that is strong enough to interfere with Mr. Zaragoza's right to a fair trial.

> "The Sixth Amendment right to counsel includes a correlative right to representation free from conflicts of interest." *Lewis v. Mayle*, 391 F.3d 989, 995 (9th Cir. 2004). To establish a violation of the right to conflict-free counsel, the petitioner must show either that (1) in spite of an objection, the trial court failed to allow him the "opportunity to show that potential conflicts impermissibly imperil his right to a fair trial;" or (2) that an actual conflict of interest existed. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980).

*Alberni v. McDaniel*, 458 F.3d 860, 869-870 (9th Cir. 2006). "[D]ual representation by an attorney does not *per se* create a conflict of interest." *Id.*, at 870. "[T]he Sixth Amendment does not protect against a `mere theoretical division of loyalties.' . . . Rather, it protects against conflicts of interest that adversely affect counsel's performance." *Id.*, quoting *Mickens v. Taylor*, 535 U.S. 162, 166-167, 122 S. Ct. 1237, 152 L. Ed. 2d 291 (2002). The right to counsel of the defendant who is asserting the conflict is not impeded by another defendant's attorney who has represented the first defendant in prior proceedings when there is no actual conflict of interest, nor when there is not a serious potential that an actual conflict will arise.

At this juncture, it is incumbent on this Court to make inquiries of the parties who are claiming a conflict exists of a sufficiently serious nature, such that Mr. Valencia should be denied the representation of the lawyer he has chosen. This Court's obligation is to "take adequate steps to ascertain whether the conflicts warrant separate counsel." *Wheat*, 486 U.S. at 160; Fed. R. Crim. P. 44(c)(2); *United States v. Brock*, 501 F.3d 762, 772 (6th Cir. 2007). The inquiry should involve questions of fact related to both cases, and its purpose should be to insure that both Mr. Zaragoza and Mr. Valencia will receive effective representation and a fair trial in this matter. *Wheat*, at 161. While conducting this inquiry, this Court should take into consideration as one factor the fact that "that the Government may seek to "manufacture" a conflict in order to prevent a defendant from having a particularly able defense counsel at

1  his side." *Wheat* at 163.

2  **IV.    CONCLUSION.**

3      Based on the foregoing authority of law, the facts as set forth in the
4  Declaration of Robert W. Lyons filed in support of Mr. Valencia's request to
5  have Mr. Lyons be his attorney of record in this matter, and the anticipated
6  results of this Court's factual inquiry into the conflict issue, it is respectfully
7  requested that Mr. Lyons be permitted to substitute in this case as defendant
8  Martel Valencia's attorney of record.

9  DATED: *April 3*_____, 2008    Respectfully Submitted,

12  _____
     ROBERT W. LYONS
13   Attorney for Defendant
     MARTEL VALENCIA