1  ROBERT W. LYONS (State Bar No. 45548)
   IRVIN L. SIMONS (CA State Bar No. 182082)
2  LAW OFFICES OF ROBERT W. LYONS
   295 West Winton Avenue
3  Hayward, California 94544
   Telephone: (510) 782-6161
4
5  Attorney for Defendant
   MARTEL VALENCIA
6
7
8              IN THE UNITED STATES DISTRICT COURT
9        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  THE UNITED STATES OF            )    No. CR 08 0083 PJH
    AMERICA,                        )
12                                  )    DECLARATION OF ROBERT
                                    )    W. LYONS REGARDING
13       Plaintiff,                 )    POTENTIAL CONFLICT
                                    )    ISSUE
14  vs.                             )
                                    )
15  GUILLERMO ALEJANDRO             )
    ZARAGOZA, *et al*,              )
16                                  )
         Defendants.                )
17  _____ )
18
19       I, Robert W. Lyons, hereby state and declare:
20       1. I am an attorney, duly licensed to practice law in the State of Califor-
21  nia and before this Court.
22       2. I have been retained to represent defendant Martel Valencia in the
23  above-entitled case.
24       3. Last October, I was hired by a man known to me as Edgar Ortiz-
25  Campuzano, in a one-count state court criminal case involving the possession
26  for sale of methamphetamine. A true and correct copy of the complaint, filed in
27  San Francisco Superior Court case number 2243767, is attached hereto as
28  "Exhibit A" and is incorporated herein as if fully set forth below. The offense

1  alleged in the state court criminal case took place on November 21, 2005.

2      4. Mr. Ortiz-Campuzano had been charged in state court for two years

3  prior to my involvement with his case; I was not retained until 2007. The state

4  court case has not yet gone to a preliminary hearing. The only work I have

5  done for Mr. Ortiz-Campuzano, to date, pertains to the single transaction which

6  was the subject matter of the charge levied in state court. In total, prior to the

7  end of February, 2008, I personally appeared in state court for Mr. Ortiz-

8  Campuzano only three times. None of my appearances involved evidentiary

9  hearings. There are no codefendants in that case. I did not meet with Mr.

10  Ortiz-Campuzano's family members to discuss the case or his personal

11  background. I did not discuss other crimes, allegations of drug dealing, or

12  conduct about other matters other than the single November 2005 allegation

13  with Mr. Ortiz-Campuzano. Since the case was in its early stages, and had not

14  even been the subject of a probable cause hearing yet, I had not yet delved

15  into my client's criminal history, background, social history, or other matters not

16  directly connected to the crime alleged and the police reports supporting that

17  allegation. Our conversations were regarding negotiations, not substantive

18  details about Mr. Ortiz-Campuzano or his many different activities.

19      5. Shortly after arrests were made following the issuance of the indict-

20  ment in this case, I got a telephone call from the lawyer who was appointed to

21  represent Eduardo Zaragoza in this case. That attorney, Claire Leary, called to

22  inform me that she was representing one of my state court clients, who was

23  now in federal custody, with an immigration hold. Ms. Leary informed me his

24  name was "Eduardo Zaragoza". Subsequently, I learned that my state court

25  client known as "Edgar Ortiz-Campuzano" was one and the same person as

26  "Eduardo Zaragoza". Based on the information that my client was in federal

27  custody, that bail was unlikely, and that he had an immigration hold, I believed

28  that any progress in Mr. Ortriz-Campuzano's state court case would be sus-

1   pended, since the state court would be issuing a bench warrant due to his
2   inevitable non-appearance in San Francisco Superior Court. Once a bench
3   warrant were to issue, I knew that the San Francisco prosecution would not
4   continue until and unless Mr. Ortiz-Campuzano ("Mr. Zaragoza", hereinafter)
5   was returned to state court custody.

6       6. Ms. Leary and I discussed whether I was going to be retained by Mr.
7   Zaragoza for this federal case. I indicated that, at that point, I did not know Mr.
8   Zaragoza's intentions in that regard. Subsequently, I had a conversation with
9   the Zaragoza family about the cost of me representing him in the federal
10  prosecution, but we did not reach an agreement in that regard and no further
11  discussions were held on that subject. I never went to talk to Mr. Zaragoza
12  about his federal case; I have not talked to him at all, privately, since his arrest
13  on the federal indictment.

14      7. On March 18, 2008, the San Francisco Superior Court issued a
15  bench warrant for Mr. Zaragoza's arrest, under the name of Edgar Ortiz-
16  Campuzano, and the proceedings there were suspended. On March 21, 2008,
17  with permission of the Superior Court of San Francisco, I withdrew as attorney
18  of record in Mr. Zaragoza's state court case. I therefore no longer represent
19  Mr. Zaragoza in any capacity, in any forum.

20      8. From an unrelated contact, I was referred to Martel Valencia, one of
21  the defendants in this matter. I met with his family, met with Mr. Valencia, and
22  made an agreement regarding representation. Mr. Valencia and I went over
23  the indictment, and matter relevant to his detention hearing, but no other
24  documentation connected to the law enforcement investigation in this case. Mr.
25  Valencia is aware that I had represented Mr. Zaragoza, in an unrelated state
26  court proceeding. Mr. Valencia is prepared to waive any conflict of interest that
27  appears to exist regarding my representation of him, and would like me to be
28  his counsel of choice in this case.

DECLARATION OF ROBERT W. LYONS REGARDING POTENTIAL CONFLICT ISSUE- PAGE 3

9. The conduct in the indictment filed in this case all pertains to activity which occurred between March 15, 2007 and November 23, 2007. I do not believe any conduct alleged by the police in Mr. Zaragoza's state court prosecution is relevant to the proceedings in federal court. I do not believe any of the activities connected with this prosecution in any way are connected to the single crime alleged in the state court case. My representation of Mr. Zaragoza was extremely limited, beginning in October of 2007. I was out of town on vacation, and my office was closed, during nearly all of December 2007. I have not learned any confidential information about or from Mr. Zaragoza in connection to my representation of him in his November 2005 state court case that I believe would affect Mr. Zaragoza negatively, in any way, were I to represent a different defendant in this federal prosecution. I have never had a conversation with Mr. Zaragoza about the facts alleged in this federal case.

10. I am hopeful Mr. Zaragoza will be willing to waive the appearance of a potential conflict of interest that appears to exist regarding my becoming defendant Martel Valencia's attorney of record in this matter.

11. I do not believe that there is any factual, actual, or potential conflict that would arise by my continued representation of Martel Valencia in this matter.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this 3rd day of April , 2008, at Hayward , California.

ROBERT W. LYONS
Declarant